## CITY OF GEORGETOWN v. W. T. JONES.

Decided March 18, 1903.

Taxes—Payment—Collector's Receipt—Evidence.

A city collector issued to a taxpayer a receipt for his taxes in settlement of the collector's personal debt to him, and reported same in the list of taxes collected and for which he made settlement for that month. In a suit to recover the tax so receipted for from the taxpayer, the collector having proved a defaulter, it is held that the city could rebut defendant's showing of payment by circumstantial evidence, and, as bearing on the question whether the collector had used, in such settlement, his own funds, or other money belonging to the city, could show, that he was notoriously insolvent, and since indicted for embezzling city funds; that he reported, for that month, over $300 collected for which he executed tax receipts in settlement of his private debts; that he collected over $500 taxes in cash that month which he did not report.

Appeal from the District Court of Williamson. Tried below before Hon. F. G. Morris.

The city of Georgetown sued Jones, and appealed from a judgment for defendant.

*H. N. Graves* and *E. A. Strickland,* for appellant.

*Chessher & Wilcox,* for appellee.

KEY ASSOCIATE JUSTICE.—The city of Georgetown, a municipal corporation, brought this suit to recover from W. T. Jones the sum of $12, alleged to be owing as taxes, and to foreclose a lien on certain real estate. There was a nonjury trial resulting in a judgment for defendant, and the plaintiff has appealed.

The undisputed testimony shows that on January 13, 1902, the defendant was due the plaintiff the sum of $24 for taxes for the year 1901, on the real estate described in the plaintiff's petition; on that day he paid J. S. Harlee, the plaintiff's assessor and collector of taxes, the sum of $12 in current money, and that officer being indebted to him in the sum of $12, delivered to the defendant a tax receipt for $24, in due form, and duly and officially signed by Harlee. The consideration for the tax receipt was the $12 owing by Harlee to the defendant, and the $12 paid by the defendant to Harlee as tax collector.

On February 6, 1902, Harlee, the tax collector, made his report to the city council of Georgetown, showing an itemized statement of taxes collected by him during the month of January, 1902, on the tax rolls of 1901, amounting in the aggregate to $3707.20, which report included $24 as paid by the defendant. Attached to the report was the receipt of the treasurer of said city, showing that the collecter had paid to the treasurer the sum of $3707.20, in current money, to cover the amount collected, as shown by the report, including the $24 reported as paid by the defendant.

The report referred to was received by the city council and ordered filed on February 13, 1902; but the council took no further action thereon.

By the witnesses Strange and Brown the plaintiff proved that Harlee, the tax assessor and collector, was a defaulter, and owed the plaintiff on the rolls of 1901 the sum of $932, $590 thereof being cash collected, and $342 being tax receipts with which Harlee had paid his private debts. It was also shown that $215.68 of the cash defalcation was collected during the month of January, 1902, and not included in the collector's report. There was no proof as to when the remainder of the $590 cash defalcation was collected, nor when the $342 worth of tax receipts were issued, nor whether they were included in the collector's report.

The plaintiff offered to prove that Harlee, the tax collector, was under indictment for embezzling funds of the plaintiff, being taxes collected on the rolls of 1901; that he was notoriously insolvent, and that certain taxpayers on the rolls of 1901 had paid their taxes to the collector during the month of January, 1902, amounting in the aggregate to $521, which the collector had not reported in his report referred to above.

The plaintiff also offered to prove by certain other witnesses that during the month of January, they paid to Harlee, the collector, taxes amounting in the aggregate to over $300 in debts that said Harlee was owing them, he handing them receipts for their taxes in consideration of their discharging him for a like amount of his indebtedness to them; and that in each instance, he had reported these amounts as collected by him during the month of January, 1902, in the report above referred to.

All this testimony was excluded by the court upon the ground that it would not tend to show, if admitted, that Harlee had not paid out of his own private funds the $12 which the plaintiff sought to recover from the defendant.

This ruling is assigned as error, and we sustain the assignment. If it be conceded that the tax collector's report, together with the receipt of the city treasurer, constituted prima facie proof that the defendant's taxes had been duly and properly paid, nevertheless the plaintiff had the right to rebut such proof by circumstantial as well as direct evidence. The tax receipt which, like the collector's report, was an official document in writing, stated that the defendant had paid the full amount of his taxes, amounting to $24, yet the plaintiff had the right to show and did show that the statement so made was untrue, and that the defendant had paid only $12. The monthly report made by the collector was of no higher dignity nor more binding force than the tax receipt; and, conceding that it was prima facie evidence of the fact that the collector had paid $12 of the defendant's taxes out of his own private funds, the plaintiff had the right to show, if it could, that the payment referred to was made with funds belonging to the plaintiff and not to the collector.

In determining the admissibility of the excluded testimony, it should be borne in mind that the collector reported over $300 as collected by him during the month of January, 1902, which in fact had not been collected;

and the question is not merely whether he paid the $12 out of his private funds, but whether he so paid over $300. Now on that issue the plaintiff offered to show that he was notoriously insolvent, which would be a circumstance tending to show that he had no considerable sum of private means.

The plaintiff also offered to prove that he collected over $500 during the same month, which he failed to report, which would have established the fact that he held in his possession funds belonging to the city which he could have used to cover the $300 reported by him as collected which in fact he had not received. Furthermore, if he was a defaulter, as clearly shown, it is highly probable that if he had private means of his own, or could have obtained them from relatives or friends to pay to the treasurer the $300 referred to, he would have been able to settle his entire account with the plaintiff and not have been indicted for embezzlement.

We are of the opinion that the excluded testimony tended to show that $12 of the defendant's taxes had never in fact been paid; and that funds belonging to the plaintiff were used by the collector when he made the payment to the city treasurer covering the taxes reported as collected from the defendant and from others who did not in fact pay their taxes when they obtained their tax receipts.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*